# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 14, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK HYLTON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0215** (BOR Appeal No. 2049817)
                    (Claim No. 2013005732)

**MECHEL BLUESTONE, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Mark Hylton, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mechel Bluestone, Inc., by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 10, 2015, in which the Board affirmed a September 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 7, 2013, decision to grant Mr. Hylton a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hylton, a coal miner for Mechel Bluestone, Inc., asserts that he developed occupational pneumoconiosis in the course of and resulting from his employment. Mr. Hylton was referred to the Occupational Pneumoconiosis Board, and it issued a report of its findings on December 20, 2012. The Occupational Pneumoconiosis Board noted that Mr. Hylton was an underground miner and conveyor belt operator for twenty-six years, as well as a surface miner and electrician for six years. The Board found that he had approximately thirty-two years of coal dust exposure. Mr. Hylton reported shortness of breath and chronic, non-productive morning

1

cough for ten to twelve years. The Occupational Pneumoconiosis Board found that Mr. Hylton was not in any respiratory distress at rest and that there were no rales or wheezing. Chest x-rays showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis, though post inflammatory scarring was noted at the right medial lung base. The report further stated that Mr. Hylton quit smoking thirty-two years ago. At that time, he had smoked for three years and had a 0.8 pack-year history. The Occupational Pneumoconiosis Board concluded that Mr. Hylton did not suffer from occupational pneumoconiosis or pulmonary impairment.

On February 7, 2013, the claims administrator granted Mr. Hylton a 0% permanent partial disability award based on the findings of the Occupational Pneumoconiosis Board. On April 10, 2013, Donald Rasmussen, M.D., performed a pulmonary function test which showed minimal, partially reversible, restrictive ventilatory impairment. Another test from the Occupational Lung Center on October 25, 2013, showed increased lung volumes and no impairment.

Members of the Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on June 18, 2014. Johnsey L. Leef Jr., M.D., testified he agreed with John A. Willis, M.D., who opined that there was no evidence of occupational pneumoconiosis. Jack Kinder, M.D., testified that the Occupational Pneumoconiosis Board read the films as negative for occupational pneumoconiosis. He noted that the Occupational Pneumoconiosis Board's lung function study had far more volume than Dr. Rasmussen's April 10, 2013, study. As a result, he opined the Occupational Pneumoconiosis Board's volumes were a better indicator of permanent impairment. He explained that occupational pneumoconiosis is progressive and Mr. Hylton should not have improved from April of 2013 to October of 2013. Taking all of the studies into consideration, Dr. Kinder stated that he would not find any pulmonary dysfunction from any condition. He testified that Mr. Hylton did not have any pulmonary impairment from occupational pneumoconiosis. Bradley Henry, M.D., testified that he agreed with the assessment of Dr. Kinder.

The Office of Judges affirmed the claims administrator's grant of a 0% permanent partial disability award in its February 7, 2013, Order. The Office of Judges recognized that the Occupational Pneumoconiosis Board could not make a diagnosis of occupational pneumoconiosis and opined that Mr. Hylton suffered from 0% impairment. Dr. Kinder testified that Mr. Hylton did not have any impairment as a result of occupational pneumoconiosis, and Dr. Henry agreed with that assessment. Because the Office of Judges could not find any reliable evidence to the contrary, it adopted the findings of the Occupational Pneumoconiosis Board. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on February 10, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The members of the Occupational Pneumoconiosis Board explained that the best way to measure impairment is to use the maximal effort of the claimant. Its members also stated that if occupational pneumoconiosis were the cause of impairment, it would not improve with time. Dr. Rasmussen's exam showed much less air flow volume than the Occupational Pneumoconiosis

2

Board's. The Occupational Pneumoconiosis Board therefore concluded that its study was the most credible because it received Mr. Hylton's maximum effort. Because there is no reliable evidence that tends to show that the Occupational Pneumoconiosis Board was wrong in its analysis, the Office of Judges and Board of Review were correct in adopting its conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 14, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3